**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YUFA REN, | No. 07-72377 |
| Petitioner, | Agency No. A096-056-651 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2010[**]

Before:      TASHIMA, BERZON, and CLIFTON, Circuit Judges.

Yufa Ren, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' order dismissing his appeal from an immigration judge's

decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT"). We have jurisdiction

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence, *Singh v. Gonzales*, 439 F.3d 1100, 1105 (9th Cir. 2006), and we grant the petition for review, and remand.

The agency concluded Ren was not credible because he omitted an airport detention from his asylum application, and because of inconsistencies in his testimony regarding the name of the church he attends in the United States, the name of the pastor of this church, and the topic of the most recent sermon. However, the airport detention did not relate to the basis of Ren's alleged fear of persecution, and the agency's three perceived inconsistencies regarding Ren's church in the United States are minor inconsistencies that do not go to the heart of his claim. *See Mendoza-Manimbao v. Ashcroft*, 329 F.3d 655, 660 (9th Cir. 2003). Accordingly, substantial evidence does not support the agency's adverse credibility determination. *See Bandari,* 227 F.3d 1160, 1165 (9th Cir. 2000).

We grant the petition and remand for further proceedings to determine whether, taking Ren's testimony as true, he is eligible for asylum, withholding of removal, or CAT relief. *See Soto-Olarte v. Holder*, 555 F.3d 1089, 1095-96 (9th Cir. 2009).

**PETITION FOR REVIEW GRANTED; REMANDED.**